UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUN JUNG LIM,<br><br>           Plaintiff,<br><br>     v.<br><br>CITY OF IRVINE AND IRVINE POLICE DEPARTMENT et al.,<br><br>           Defendants. | Case No. 8:22-cv-00137-SB-AS<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE AND DISMISSING CASE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, the U.S. Magistrate Judge's Report and Recommendation (R&R), the objections to the R&R, and all records herein.  After having made a de novo determination of the portions of the R&R to which objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge for the reasons below.

I.

    Throughout this case, Plaintiff Eun Jung Lim has repeatedly failed to heed the Court's orders and deadlines, resulting in repeated warnings and significant delay and waste of judicial resources.  This conclusion is supported by a review of the history of the case.

    This case was originally filed on January 25, 2022—more than 17 months ago.  Plaintiff alleges that Defendants (including police officers, employees of the Orange County District Attorney's office, and a security guard) violated her rights by prosecuting her for an alleged assault and battery that she claims was started by the security guard at a hospital where she was visiting her mother.  Dkt. No. 1. Plaintiff also filed an application to proceed without paying the filing fees in the

1

case, which was initially denied but granted on her motion for reconsideration. Dkt. Nos. 2, 4, 5, 6. Magistrate Judge Alka Sagar then issued an "Order Regarding Screening in *Pro Se* Civil Rights Case," Dkt. No. 7, which explained that Judge Sagar was screening the case before service of process would be permitted on Defendants. Plaintiff filed a First Amended Complaint, which Judge Sagar dismissed with leave to amend on June 23, 2022 in a 23-page order identifying in detail the deficiencies in Plaintiff's complaint. Dkt. No. 10. Plaintiff was given 30 days from the date of the order to file a Second Amended Complaint (SAC). *Id*. at 22.

On July 21, Plaintiff filed a request asking Judge Sagar for a 90-day extension of the July 25 deadline. Dkt. No. 12. Judge Sagar granted the request and gave Plaintiff until October 21, 2022 to file her SAC, but cautioned that no further extensions would be granted absent extraordinary circumstances. Dkt. No. 13. Plaintiff filed her SAC three days after the extended deadline. Dkt. No. 16. A day later, Judge Sagar granted Plaintiff's request to electronically file documents in this case. Dkt. No. 15. On December 9, 2022, Judge Sagar dismissed the SAC with leave to amend in a 26-page order, granting Plaintiff 30 days to file a Third Amended Complaint (TAC). Dkt. No. 17.

Instead of filing a Third Amended Complaint, Plaintiff filed three documents on December 28: (1) a request for a six-month continuance of the deadline to file the TAC, (2) another request to electronically file in this case, and (3) an improper form stating that Plaintiff no longer consented to proceed before Judge Sagar. Dkt. Nos. 18, 19, 20. Judge Sagar granted in part Plaintiff's request for an extension to file the TAC, giving her until February 27, 2023 to file her amended pleading. Dkt. No. 21. In the same order, Judge Sagar denied as moot Plaintiff's request to electronically file, as it was already granted at Dkt. No. 15. *Id*.

On February 24, three days before the deadline to file her TAC, Plaintiff filed a notice of appeal of Judge Sagar's order granting in part her request for an extension and denying her application to electronically file as moot. Dkt. No. 23. Three days later, Plaintiff filed a "Request for Automatic Disqualification And Change Of Magistrate Judge And Peremptory Challenge," a declaration in support of that request, a separate peremptory challenge, and an amended list of exceptions and objections to Judge Sagar's authority (the initial list at Dkt. No. 22 was stricken for lack of signature). Dkt. Nos. 25, 26, 27, 28. Plaintiff did not file a TAC by the February 27 deadline. On February 28, Judge Sagar issued an order to show cause (OSC) for Plaintiff's failure to timely file a TAC and ordered Plaintiff to respond by March 14, warning Plaintiff that "failure to timely respond to this

<u>Order will result in a recommendation that this action be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey court orders.</u>" Dkt. No. 31 (emphasis in original). Plaintiff appealed that order as well. Dkt. No. 33.

On March 29, the Ninth Circuit dismissed both of Plaintiff's appeals for lack of jurisdiction because they were not final or appealable. Dkt. No. 35. Judge Sagar then issued another OSC why the action should not be dismissed for Plaintiff's continued failure to file a TAC. Dkt. No. 36. Plaintiff was given until April 14, 2023 to file the TAC, a notice of dismissal, or a declaration demonstrating Plaintiff's inability to file a TAC. *Id*. That OSC again warned that "<u>a failure to timely respond to this Order will result in a recommendation that this action be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey court orders.</u>" *Id*. at 2 (emphasis in original).

On April 3, in advance of the OSC deadline, this Court denied Plaintiff's request for disqualification of Judge Sagar. In her disqualification motion, Plaintiff argued that she was not required under 28 U.S.C. § 636 to consent to any proceedings before a magistrate judge, that she filed her "non-consent" to any such proceedings, and that "Magistrate Sagar thinks she is so High that she does not have to obey and follow the rule of law." Dkt. No. 25.[1] In denying the motion, this Court rejected Plaintiff's misguided contention that Judge Sagar lacked authority to proceed in the absence of Plaintiff's consent:

> Judge Sagar acted well within the scope of her authority in addressing Plaintiff's requests. *See* L. R. 72-1; C.D. Cal. General Order No. 05-07 ("[T]he following civil and criminal matters shall be referred to the full-time Magistrate Judges: . . . (3) Pro se § 1983 and Bivens cases for pretrial purposes . . . .").

Dkt. No. 37 at 2. The Court also explained that if Plaintiff was dissatisfied with any ruling by Judge Sagar, she could seek review with this Court: "If Plaintiff wished to challenge Judge Sagar's rulings, she should have filed a motion for review under Local Rule 72-2.1 within 14 days of that ruling . . . ." *Id*.

Despite the order and explanation, Plaintiff declined to respond to Judge Sagar's OSC or file a TAC. Instead, she elected to stand on her (rejected) position

---

[1] Plaintiff also sought to disqualify this Court.

3

that Judge Sagar had no authority to act in this case. On June 8, 2023, Judge Sagar issued an R&R recommending dismissal of the action with prejudice "for failure to prosecute and for disobeying court orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." Dkt. No. 43 at 3. Plaintiff timely filed objections in which she continues to assert—despite the Court's contrary finding—that Judge Sagar was acting outside of her authority because "Plaintiff never consented to appear before" her. Dkt. No. 44 at 1.

## II.

District courts have inherent power to control their dockets and to impose sanctions, including dismissal, for failure to comply with court orders. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). "Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Id*. The Ninth Circuit permits dismissal as a sanction "only after requiring the district court to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id*. The Ninth Circuit has stated that a "district judge has an obligation to warn the plaintiff that dismissal is imminent" before dismissing a case. *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) (reversing dismissal where district court did not warn plaintiff's counsel before dismissing case).

The *Thompson* factors favor dismissal here. The Court considers the first two factors together. Plaintiff's failure to comply with clear orders has frustrated both the public's interest in the expeditious resolution of this case and the Court's ability to manage its docket. The Court made clear in its order on Plaintiff's disqualification motion that Judge Sagar was acting well within her authority to screen Plaintiff's complaint, regardless of Plaintiff's "consent" to her jurisdiction. Dkt. No. 37 at 2; *see also Holt v. Gardner*, No. 19-CV-00772-LJO, 2020 WL 58277, at *1 (E.D. Cal. Jan. 6, 2020) ("To the extent Plaintiff contends that it was improper for the Magistrate Judge to issue the screening order because he did not consent to Magistrate Judge jurisdiction, a party's decision to decline Magistrate Judge jurisdiction affects only the Magistrate Judge's ability to issue rulings on dispositive matters." (citing 28 U.S.C. § 636(b))). Despite the Court's clear rejection of her mistaken position, Plaintiff continues to take issue with Judge Sagar's authority and refuses to file a TAC as ordered. Instead, she has unreasonably delayed this case—which is now 17 months old and still at the pleading stage—and has caused the needless expenditure of scarce judicial

resources. Plaintiff's refusal to comply with orders with which she disagrees has also undermined the Court's ability to manage its docket. Thus, the first and second factors favor dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), *as amended* (May 22, 1992) (finding that the district court did not abuse its discretion in dismissing a case due to a litigant's noncompliance where the court could have devoted valuable time to other cases).

Third, the Court considers the risk of prejudice to Defendants. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Although delay alone is insufficient harm to justify dismissal, repeated failures to cooperate in the litigation has been held to be prejudicial. *See id.* (holding that repeated failures to comply with court orders prejudiced defendants). In view of Plaintiff's repeated obstinance, it is reasonable to conclude that she will continue to impede the process, further delay the progress of the case, and threaten Defendants' ability to go to trial without prejudice.[2]

Fourth, the Court evaluates the public policy favoring disposition of cases on their merits. Although this fundamental judicial tenet must be given great weight when considering dismissal for malfeasance, it is also a fundamental principle that a party—even a self-represented litigant—cannot file a lawsuit and then fail to prosecute it or otherwise frustrate the fair and orderly administration of justice. The procedural latitude given to a self-represented litigant to avoid the injustice that might result from strict adherence to the rules is not a license to defy, obstruct, or do as one pleases. Based on Plaintiff's repeated refusals to comply with orders in the face of stern warnings that failure to comply would result in dismissal, this Court has no confidence that it can procure Plaintiff's cooperation to be able to resolve this case on the merits without further disruption.

Fifth and finally, the Court finds that there is no lesser sanction that would be effective to address the misconduct of Plaintiff, a litigant who has no hesitation

---

[2] Even if this factor did not favor dismissal, the weight of the other factors does support termination of this case. *See Ferdik*, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here.").

about disregarding orders with which she disagrees.  Plaintiff has received repeated warnings that noncompliance may result in dismissal.  Dkt. Nos. 31, 36.  Yet she refused to comply.  Plaintiff was also apprised of the appropriate way to challenge Judge Sagar's rulings under Local Rule 72-2.1.  Dkt. No. 37 at 2.  Plaintiff clearly knows how to comply when she chooses to do so, as she timely filed her objections to the R&R, which shows that she is making deliberate choices.  Plaintiff's objections also demonstrate that she continues to be defiant, repeating her position that Judge Sagar lacks authority to act, despite this Court's contrary determination.  In these circumstances, no less drastic sanctions short of dismissal are reasonably available to curb Plaintiff's misconduct and obtain compliance.  This factor favors dismissal.  *See Ferdik*, 963 F.2d at 1262 (noting that "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

* * *

In sum, the weight of the *Thompson* factors tips decidedly in favor of dismissal of this case.  Plaintiff has engaged in the type of misconduct that is extremely disruptive and that intolerably taxes an already overburdened judicial system.  The proper functioning of that system depends on party acceptance of court decisions.  In view of Plaintiff's history of defiance, dismissal is appropriate.  Accordingly, the Court OVERRULES Plaintiff's objections and adopts the R&R, and IT IS ORDERED that Judgment shall be entered dismissing this action with prejudice.  IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order and the Magistrate Judge's Report and Recommendation on Plaintiff.

Date: July 7, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge